

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00063-CR

---

Armando Lujan, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 327th District Court
El Paso County, Texas
Trial Court No. 20250D00507

---

## MEMORANDUM OPINION

Appellant Armando Lujan and Appellee the State of Texas executed a plea agreement in which Lujan agreed to plead guilty to the third-degree felony offense of "driving while intoxicated 3rd or more" and the State agreed to recommend a sentence of five years' confinement. The plea agreement admonished Lujan that he would have no right of appeal if the trial court followed the State's punishment recommendation, except for matters raised by written motion and heard before trial or if the trial court granted Lujan permission to appeal. The plea agreement also included Lujan's acknowledgement that he "voluntarily, in exchange for the plea agreement in this case, knowingly and intelligently waive[d] [his] right to pursue a

motion for new trial or appeal."

In accordance with the plea agreement, Lujan pleaded guilty and the State recommended five years' confinement. The trial court accepted the plea and entered a judgment of conviction sentencing Lujan to five years' confinement. The trial court signed a Certification of Defendant's Right of Appeal stating that Lujan has no right of appeal. The certification was also signed by Lujan and his counsel. Lujan subsequently attempted to appeal the trial court's judgment of conviction.

"[A] defendant in a non-capital case may waive any rights secured to him by law." *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). A valid waiver of the right to appeal "will prevent the defendant from appealing any issue unless the trial court consents to the appeal." *Id.* at 493. A waiver of the right to appeal is valid when "the record show[s] that the defendant received consideration for his waiver pursuant to a plea agreement." *Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016).

Because Lujan waived his right to appeal in exchange for consideration from the State, and because the record does not show that the trial court consented to this appeal, we gave Lujan notice that his appeal was subject to dismissal for want of jurisdiction unless, by June 22, 2026, he demonstrated in writing why it should not be dismissed. Lujan failed to do so.

The record reflects that Lujan does not have a right to appeal, therefore we dismiss this appeal for want of jurisdiction. *See Johnson v. State*, No. 05-26-00563-CR, 2026 WL 1593051, at *2 (Tex. App.—Dallas June 3, 2026) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction where trial court followed punishment recommendation in plea agreement and did not grant permission to appeal, and appeal did not involve pretrial matters

2

raised by written motion).

IT IS SO ORDERED this 6th day of July 2026.

LISA J. SOTO, Justice

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.

(Do Not Publish)